# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA and
STATE OF GEORGIA,

    Plaintiffs,

v.

MIRACLE HOME CARE, INC.;
MIRACLE ADULT DAY CARE, INC.;
MIRACLE TRANSPORTATION;
SHASHICKA TYRE-HILL; and
DARLENE JACKSON,

    Defendants.

CV 2:18-078

## ORDER

Plaintiffs, the United States of America (the "United States") and the State of Georgia ("Georgia"), brought this action against Defendants to recover damages under the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733, the Georgia False Medicaid Claims Act, O.C.G.A. § 49-4-168, et seq., and common law remedies. Dkt. No. 1. Defendant Miracle Home Care, Inc. filed a counterclaim against Plaintiffs for breach of contract, dkt. no. 11 at 106-07, and all Defendants filed a counterclaim against Plaintiffs for unjust enrichment, id. at 107. Before the Court are two motions: The United States' Motion to Dismiss Defendants' counterclaims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), dkt. no. 19; and (2) Georgia's Motion to

Dismiss Defendants' counterclaims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), dkt. no. 20. Defendants have not responded to either motion, but because the deadline for responding to either motion has long passed, these motions are ripe for review. For the reasons that follow, the United States' Motion, dkt. no. 19, is **GRANTED**, and Georgia's Motion, dkt. no. 20, is **GRANTED**.

I. Background

As an initial matter, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Here, Defendants are invoking the Court's jurisdiction for the purpose of their counterclaims.

Turning to the motions to dismiss, "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009) (citation omitted). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." Id.

Here, the United States' and Georgia's assertions that this Court lacks subject matter jurisdiction over the counterclaims are

AO 72A
(Rev. 8/82)

based solely on the allegations in Defendants' counterclaims and thus their jurisdictional challenges are facial. For the purposes of this Order, then, the Court has accepted as true all facts alleged in the counterclaim and construed all reasonable inferences in the light most favorable to Plaintiff.

## II. The United States of America

The United States argues that Defendants' counterclaims are barred by sovereign immunity such that the Court is deprived of jurisdiction over these claims. "It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued." Zelaya v. United States, 781 F.3d 1315, 1321 (11th Cir. 2015) (citations omitted). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." Id. at 1322 (citing F.D.I.C. v. Meyer, 510 U.S. 471, 475-76 (1994)).

Here, Defendants have pleaded no allegations that the United States has consented to suit on Defendants' counterclaims. Having failed to establish the subject matter jurisdiction of the Court, the Court must dismiss Defendants' counterclaims for lack of subject matter jurisdiction. Accordingly, the United States' Motion to Dismiss the counterclaims, dkt. no. 19, is due to be **GRANTED**.

### III. The State of Georgia

Like the United States, individual States of the Union, such as Georgia, must consent to suit before a private individual can sue that state in federal court. McClendon v. Georgia Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001). Further, "[t]hough by its plain terms the Eleventh Amendment only precludes federal courts from entertaining suits against a state brought by citizens of another state, it has been construed to bar suits against a state brought by that state's own citizens as well." Id. Again, Defendants have failed to allege any facts establishing that Georgia consented to suit, and thus, Defendants have not met their burden of establishing that the Court has subject matter jurisdiction over their counterclaims. Accordingly, Georgia's Motion to Dismiss, dkt. no. 20, is due to be **GRANTED**.

### CONCLUSION

For these reasons, the United States of America's Motion to Dismiss Defendants' counterclaims, dkt. no. 19, is **GRANTED**. The State of Georgia's Motion to Dismiss Defendants' counterclaims, dkt. no. 20, is **GRANTED**.

**SO ORDERED**, this 5th day of February, 2019.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA